HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LON E. MYERS, JR.,

    Plaintiff,

v.

MICHAEL J. ASTRUE, in his capacity as Commissioner of the Social Security Administration,

    Defendant.

CASE NO. C09-1153-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") (Dkt. # 20) of Magistrate Judge James P. Donohue. The R&R recommends that the court affirm the decision of an administrative law judge ("ALJ") and dismiss Plaintiff Lon E. Myers' appeal of the partial refusal of the Social Security Administration ("SSA") to award him Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381-83f. Mr. Myers has objected to the R&R, and the court has considered his objections (Dkt. # 21), the briefs the parties submitted to Judge Donohue, and the Administrative Record ("AR"). For the reasons stated below, the court adopts the R&R.

ORDER – 1

## II. BACKGROUND

The court adopts the statement of facts and procedural history set forth in the R&R. *See* R&R (Dkt. # 20) at 1-2. The R&R recommends affirming the ALJ's decision to partially deny disability benefits based on the ALJ's finding that Mr. Myers was not disabled prior to the day he turned 55 years old in 2005. The R&R concludes that the ALJ did not err in his credibility assessment of Mr. Myers, that the ALJ properly evaluated the medical evidence, and that the ALJ did not err in relying upon the Medical-Vocational Guidelines ("the Guidelines") rather than obtaining testimony from a Vocational Expert.

## III. ANALYSIS

**A.  Standards Used and Summary of Mr. Myers' Objections**

Although the R&R accurately summarizes the standard of review applicable to the ALJ's decision and the five-step process for determining whether an applicant is disabled, the court reiterates the relevant points here. The court reviews a magistrate judge's R&R de novo. Fed. R. Civ. P. 72(b)(3). Where "substantial evidence" supports an ALJ's factual finding, the court must affirm it. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir. 2009) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). The court does not defer to the ALJ's legal conclusions. *Id.*

An applicant for SSI is disabled if his physical or mental impairments are such that he can perform neither his past relevant work nor any other substantial gainful activity available in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). A five-step process governs the disability determination. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Here, Mr. Myers does not dispute the ALJ's partially favorable decision concerning the first four steps of the disability determination process. Mr. Myers objects only to the ALJ's findings in step five. Step five places the burden on the

ORDER – 2

SSA to show that even if the plaintiff's residual functional capacity ("RFC") does not allow him to perform past relevant work, he can perform other jobs that exist in substantial numbers in the national economy.  *See* 20 C.F.R. § 404.1520(g) (noting that an applicant who can adjust to other work is not disabled).  Mr. Myers contends that the ALJ failed to properly establish his RFC because the RFC does not contain adequate findings regarding Mr. Myers' ability to sit for prolonged periods.  *See* Pltf.'s Opp'n at 2.

In addition to his objection to the ALJ's step five finding, Mr. Myers makes two more objections.  First, Mr. Myers contests the ALJ's reliance upon the Guidelines in determining whether he could successfully perform other work.  He claims that the ALJ failed to specifically find that his nonexertional limitations were not "severe enough to erode the occupational base."  *See id.* at 3.  Second, Mr. Myers contends that the ALJ erred in rejecting medical opinion evidence obtained from his treating and examining physicians.  Mr. Myers claims that the ALJ failed to make specific findings regarding the extent to which the physicians' opinions were based on his discredited subjective statements as opposed to the physicians' objective findings.  *See id.* at 4-5.  As part of this objection, Mr. Myers also contests the determination in the R&R that his statements concerning his ability to care for his mother are a reason to reject the opinions of the physicians who treated and examined him.  *See id.* at 6.

**B.    The Court Adopts the R&R.**

The court adopts the reasoning of the R&R with the following clarifications.  First, regarding Mr. Myers' claim that the RFC determination is deficient, the ALJ found that prior to the date Mr. Myers' age category changed in June 2005, he had a "residual functional capacity for close to a full range of light work" and was thus not disabled at that time.  *See* AR 22.  According to the applicable regulation:

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the

ORDER – 3

>time with some pushing or pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).  The ALJ did not make specific findings regarding Mr. Myers' ability to sit "most of the time," despite the fact that Mr. Myers' own statements and opinions from his doctors suggest that prolonged sitting may have caused Mr. Myers pain.  *See, e.g.*, AR 664 (Mr. Myers' statement that sitting while driving causes him excruciating pain); AR 237 (physician's opinion that Mr. Myers is unable to sit for long periods of time).  However, the ALJ did make findings concerning the other activities listed under the "light work" category, including walking, standing, lifting, and reaching.  *See* AR 18.  The ALJ also noted that Mr. Myers "cannot do prolonged driving because that activity aggravates his back condition."  AR 18.  That finding, while not a specific reference to sitting, addresses Mr. Myers' statement that sitting while driving causes him pain.  Also, the ALJ could have concluded that Mr. Myers was able to sit based on the evidence that (1) he drove a delivery truck 200-300 miles per day until August 2003, and (2) he left that job for reasons other than the claimed onset of disability.  *See* AR 178, 240.  The court finds that although Mr. Myers may have had reduced capacity for sitting prior to the day his age category changed in June 2005, substantial evidence supports the ALJ's decision that Mr. Myers was capable of "light work" for the period beginning in August 2003 and ending in June 2005.

Next, the court addresses Mr. Myers' objection to the ALJ's reliance on the Guidelines in making the step five determination.  SSA regulations define "nonexertional liabilities" to include, among other things, "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." 20 C.F.R. § 404.1569a(c)(vi). Therefore, although the issue was not specifically addressed in the ALJ's report, the ALJ's conclusions regarding Mr. Myers' ability to "reach on the right occasionally, perform manipulative activities

ORDER – 4

frequently, [and] perform postural activities occasionally" all relate to nonexertional liabilities. *See* AR 18. Mr. Myers contends that the ALJ erred by relying on the Guidelines in view of the nonexertional limitations that would bear on light work, specifically reaching on the right occasionally and performing postural activities occasionally. *See* Pltf.'s Brief (Dkt. # 14) at 22. He claims that vocational expert testimony is needed to "determine the extent to which [the nonexertional limitations] erode the occupational base available to the claimant." *Id.* at 23.

The ALJ can use the Guidelines "without vocational expert testimony when a non-exertional limitation is alleged because the [Guidelines] 'provide for the evaluation of claimants asserting both exertional and non-exertional limitations.'" *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citing *Razey v. Heckler*, 785 F.2d 1426, 1430 (9th Cir. 1986)). However, the Guidelines are inapplicable if a claimant's nonexertional limitations are "sufficiently severe" to significantly limit the range of work permitted by the claimant's exertional limitations. *See id.* Here, the ALJ made no specific findings on whether Mr. Myers' nonexertional limitations were "sufficiently severe" to make the Guidelines inapplicable. However, the court finds that the record contains adequate evidence from which the ALJ could have concluded that Mr. Myers' nonexertional limitations were *not* sufficiently severe that they significantly limited the range of work permitted by his exertional limitations. *See, e.g.*, AR 178 (Jun. 19, 2003 physician's letter regarding Mr. Myers' work-related driving habits); AR 175 (Jul. 28, 2003 physician's letter noting that Mr. Myers had normal strength of the upper and lower extremity muscle groups).

Finally, the court addresses Mr. Myers' claim that the ALJ improperly disregarded medical opinions provided by Doctors Margaret Jacobson and Betsy Go. Both doctors concluded that Mr. Myers was able to perform only sedentary work. *See* AR 238, 363. There is substantial evidence in the record to support the conclusion that the doctors' opinions were largely based on subjective evidence of Mr. Myers' pain. Although the

ORDER – 5

ALJ did not specify to what extent he discounted the medical opinions, the record shows that the "sedentary work" conclusion mostly stemmed from Mr. Myers' complaints about chronic low back pain, headaches, tenderness, numbness, and pain/strain on joints. *See* AR 237, 362-63. The ALJ adequately considered the medical opinions and reasonably discounted them based on their reliance upon Mr. Myers' discredited subjective complaints. This was not error.

Substantial evidence also supports the ALJ's conclusion that Mr. Myers' statements concerning his ability to care for his mother are a reason to reject the doctors' conclusions that he could perform only sedentary work. There is ample evidence in the record from which the ALJ could have concluded that Mr. Myers quit his job in Colorado because he needed to move to Washington to care for his aging mother, rather than solely due to injury or disability. For example, a case note states that "[Mr. Myers'] last job ended 8/26/03 the day of his most recent heart attack and he and his 'wife' moved to Wash. to care for elderly mother." AR 94. Mr. Myers himself stated that caring for his mother was one reason for leaving his job. *See* AR 96. Mr. Myers' doctors made similar observations. *See* AR 178, 240. Based on this evidence, the ALJ did not err in concluding that the doctors' "sedentary work" opinions were undermined by the inference that Mr. Myers was able to care for his aging mother.

### III. CONCLUSION

For the reasons stated above, the court adopts the R&R (Dkt. # 20) despite Mr. Myers' objections (Dkt. # 21). The court directs the clerk to enter judgment for Defendant.

DATED this 10th day of August, 2010.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6